```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 08/25/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRIKE 3 HOLDINGS, LLC,

                Plaintiff,

          v.

JOHN DOE (Subscriber Assigned IP Address 74.72.114.215),

                Defendant.

No. 22-CV-6379 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

      On July 27, 2022, Plaintiff Strike 3 Holdings, LLC, an owner of adult motion pictures, filed a copyright infringement action against Defendant John Doe, alleging that "Defendant is committing rampant and wholesale copyright infringement by downloading Strike 3's motion pictures as well as distributing them to others." Compl. ¶¶ 2–4. Defendant is identified only through his or her IP address. *Id.* ¶ 5. Before the Court is Plaintiff's *ex parte* motion pursuant to Federal Rule of Civil Procedure 26(d)(1). Plaintiff seeks leave to serve a third-party subpoena on Spectrum, Defendant's internet service provider ("ISP"), to identify Defendant's name and address. For the reasons below, Plaintiff's motion is GRANTED.

## LEGAL STANDARD

      Federal Rule of Civil Procedure 26(d)(1) prevents a party from seeking discovery "from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." "When considering whether to grant a motion for expedited discovery prior to a Rule 26(f) conference, courts apply a 'flexible standard of reasonableness and good cause.'" *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 520 (S.D.N.Y. 2019) (quoting *Digital Sin, Inc. v. Does 1-*

*176*, 279 F.R.D. 239, 241 (S.D.N.Y 2012)). Courts consider five "principal factors" when deciding whether expedited discovery is appropriate: "(1) the plaintiff[']s ability to make out a prima facie showing of infringement, (2) the specificity of the discovery request, (3) the absence of alternative means to obtaining the information sought in the subpoena, (4) the need for the information sought in order to advance the claim, and (5) the Defendant's expectation of privacy." *Id*. at 521 (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)).

## DISCUSSION

Each of the principal factors weighs in favor of granting Strike 3's motion.

First, Plaintiff has demonstrated a *prima facie* claim of copyright infringement. To make out a *prima facie* case, "a party must show (1) ownership of a valid copyright in the item and (2) unauthorized copying." *Int'l Swaps & Derivatives Ass'n, Inc. v. Socratek, L.L.C.*, 712 F. Supp. 2d 96, 102 (S.D.N.Y. 2010) (citing *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir. 2003)). Plaintiff's complaint describes the copyrighted works at issue, including each work's date of publication, copyright registration number, and date of registration. *See* Compl. Ex. A. The complaint alleges that Plaintiff used a proprietary copyright infringement detection system, "VXN Scan," to discover that Defendant used the BitTorrent file sharing network to download and distribute Strike 3's works. *Id*. ¶¶ 31-45 & Ex. A (identifying infringed works and describing VXN Scan); *see also Strike 3 Holdings, LLC v. Doe*, No. 20-CV-1529 (RA), 2020 WL 2115211, at *1 (S.D.N.Y. May 4, 2020) (finding the first *Arista* factor met in a similar case); *Strike 3 Holdings, LLC*, 329 F.R.D. at 521 (same).

Second, the Court concludes that the information that Plaintiff seeks is sufficiently narrow. Plaintiff "has limited its scope of discovery to the defendant's name and address, which previous courts in similar cases involving the same plaintiff have found 'is a limited and highly specific set

2

of facts.'" *Strike 3 Holdings, LLC v. Doe*, No. 19-CV-5866 (AT) (RWL), 2019 WL 4493342, at *2 (S.D.N.Y. Aug. 21, 2019) (quoting *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-5586 (LAK) (KNF), 2018 WL 5818100, at *1 (S.D.N.Y. Oct. 15, 2018)).

Third, Plaintiff persuasively argues that a third-party subpoena to Defendant's ISP is the only means available to identify Defendant. Plaintiff alleges that "[a]t this time, Plaintiff is only able to identify John Doe with reference to his or her IP address," and that Defendant's ISP is the "only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address." Motion at 7 (internal quotation marks omitted). This Court follows others in this district that have found the third factor to be met in analogous cases. *See, e.g.*, *Strike 3 Holdings, LLC*, 2020 WL 2115211, at *2 (collecting cases); *Strike 3 Holdings, LLC*, 329 F.R.D. at 521-22.

Fourth, the information sought clearly advances Plaintiff's claim. Without the information sought from Defendant's ISP, Plaintiff will be unable to serve Defendant and pursue this action. *See Strike 3 Holdings, LLC*, 2020 WL 2115211, at *2; *Strike 3 Holdings, LLC v. Doe*, No. 19-CV-1651 (AT) (JLC), 2019 WL 1211864, at *2 (S.D.N.Y. Mar. 15, 2019) ("Strike 3 has adequately argued that without the requested subpoena, it will be unable to serve the defendant and thus unable to pursue further litigation.").

Fifth, although identification as a defendant in a case involving the distribution and viewing of adult movies may cause Defendant embarrassment, "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." *Strike 3 Holdings, LLC*, 2019 WL 1211864, at *2 (quoting *Malibu Media, LLC v. John Does 1-11*, No. 12-CV-3810 (ER), 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013)); *see also Strike 3 Holdings, LLC*, 2020 WL 2115211, at *2.

## CONCLUSION

As all five *Arista* factors weigh in Plaintiff's favor, the Court grants Plaintiff's motion. In accordance with the "Court's practice in these sorts of cases," the Court will issue a protective order in connection with the subpoena "in light of the substantial risk for false positive identifications that could result in 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Strike 3 Holdings, LLC*, 329 F.R.D. at 522 (quoting Fed. R. Civ. P. 26(c)(1)).

Accordingly, it is hereby:

**ORDERED** that Plaintiff may immediately serve a Rule 45 subpoena on Spectrum, the ISP identified in its motion, to obtain information to identify John Doe, specifically her or his true name and current and permanent address. Plaintiff is expressly **not** permitted to subpoena the ISP for John Doe's email addresses or telephone numbers. The subpoena shall have a copy of this order attached, along with the attached "Notice to Defendant."

**IT IS FURTHER ORDERED** that Spectrum will have 60 days from the date of service of the Rule 45 subpoena upon them to serve John Doe with a copy of the subpoena, a copy of this order, and a copy of the "Notice to Defendant." The order should be attached to the "Notice to Defendant" such that the "Notice to Defendant" is the first page of the materials enclosed with the subpoena. Spectrum may serve John Doe using any reasonable means, including written notice sent to her or his last known address, transmitted either by first-class mail or via overnight service.

**IT IS FURTHER ORDERED** that if that 60-day period lapses without John Doe or Spectrum contesting the subpoena, Spectrum shall have 10 days to produce the information responsive to the subpoena to Plaintiff. John Doe, should he or she move to quash the subpoena or to proceed anonymously, shall at the same time as her or his filing also notify Spectrum so that

it is on notice not to release any of John Doe's contact information to Plaintiff until the Court rules on any such motions.

**IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

**IT IS FURTHER ORDERED** that Spectrum shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. Should Spectrum elect to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this Memorandum Opinion and Order along with any subpoenas issued pursuant to this order to Spectrum.

**IT IS FURTHER ORDERED** that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its complaint.

**IT IS FURTHER ORDERED** that the initial conference presently scheduled for October 6, 2022 is hereby adjourned *sine die*. The Clerk of Court is respectfully directed to terminate the motion pending at docket number 7.

SO ORDERED.

Dated:    August 25, 2022
         New York, New York

_____
Ronnie Abrams
United States District Judge

**NOTICE TO DEFENDANT**

1. You are a defendant in *Strike 3 Holdings, LLC. v. John Doe*, 22-CV-6379 (RA), a case now pending before the Honorable Ronnie Abrams, United States District Judge for the Southern District of New York.

2. Attached is Judge Abrams's Order, dated August 25, 2022, which sets forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer).  If you choose to proceed *pro se*, all communications with the Court should be through the Pro Se Office of the United States District Court for the Southern District of New York.  The Pro Se Office is located in Room 230 of the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed a movie on your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena.  This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case.  If you choose to proceed pro se, your motion to quash or modify the subpoena should be mailed to the Pro Se Office, as described in paragraph 3.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time.  Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the Pro Se Office of the Court.  This information is solely for use by the Court and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it.  The Court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time.  This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case.  If you choose to proceed pro se, your letter should be mailed to the Pro Se Office, as described in paragraph 3.  This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case.  You should identify yourself in your letter by the case in which you are a defendant and your IP address.  If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.